IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBECCA A. HUGHES,                )
                                  )
                                  )
            Plaintiff              )        Civil No.06-997-KI
                                  )
       v.                          )        OPINION AND
                                  )        ORDER
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,   )
                                  )
            Defendant              )

James S. Coon
Kimberly K. Tucker
Swanson, Thomas, and Coon
820 S.W. Second Ave.
Portland, OR 97204
       Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

DAVID J. BURDETT
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

       Attorneys for Defendant

King, District Judge:

Plaintiff Rebecca Hughes ("Hughes") seeks judicial review of the Social Security Commissioner's final decision denying her application for benefits under Title XVI of the Social Security Act (the "Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision should be REVERSED and REMANDED for the reasons below.

## BACKGROUND

Born in 1964, Hughes applied for SSI on October 22, 2002. Tr. 96, 98.[1] Hughes alleges disability due to post traumatic stress disorder, pituitary tumor, hepatitis C, depression, trochanteric bursitis, sinusitis, and hyperlipidemia. Tr. 113. The record shows that Hughes has each of these impairments, as well as Cushing's disease, adrenal tumors, and ongoing staphylococcal sinus infections following two brain surgeries.

Hughes' claim was denied initially and upon reconsideration. Tr. 23-26, 33-35. A hearing was held before an Administrative Law Judge ("ALJ") on March 1, 2005. Tr. 1015-1035. Hughes attended this hearing without representation. A second hearing was held August 22, 2005, so that the ALJ could obtain additional medical records and Hughes could obtain counsel. Tr. 1037-1069. On October 6, 2005, the ALJ issued a decision granting Hughes benefits after September 19, 2003. Tr. 14-19. The ALJ found Hughes not disabled before this date. Tr. 19. The Appeals Council denied review of the ALJ's decision, making his decision final. Tr. 8-10. Hughes presently appeals the ALJ's finding that she was not disabled prior to

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer November 15, 2006 (Docket # 8).

September 19, 2003.

## **DISABILITY ANALYSIS**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Hughes challenges the ALJ's evaluation of the evidence and his conclusions regarding the period between October 22, 2002, and September 19, 2003.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 416.920(e), Social Security Ruling ("SSR") 96-8p. The ALJ uses this information to determine if the claimant can perform work her relevant past work at step four. If she can perform such work she is not disabled.

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 416.920(a)(4)(v).

The claimant bears the initial burden of establishing disability. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that jobs exist in the national economy in the claimant's residual functional capacity. *Id.* If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 416.966, 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found Hughes' depression, hepatitis C, bursitis, Cushing's disease, pituitary tumor, and post-pituitary surgery status "severe." Tr. 19. He found that these impairments limited Hughes' to modified medium-level exertion prior to September 19, 2003. Tr. 17. The ALJ found that Hughes' impairments precluded performance of work in the national economy after September 19, 2003, and therefore found Hughes disabled after that date. Tr. 18.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, __ F.3d __ (2007 WL 2874403) at *5 (9th Cir. October 5, 2007)(*citing Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (*citing Robins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253

F.3d 1152, 1156 (9th Cir. 2001). In reviewing a credibility finding, the court must consider whether the Commissioner provided "clear and convincing reasons" for finding a claimant not credible. *Lingenfelter* at *6. Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d 747 750 (9th Cir. 1989); *see* also *Batson*, 359 F.3d at 1193.

## DISCUSSION

Hughes contends that the ALJ erroneously found her able to work between the date of her application and September 19, 2003. She specifically contends that the ALJ improperly assessed the opinion of treating endocrinologist Dr. Ludlam, examining psychologist Dr. Basham and improperly assessed her credibility.

### I. Treating Endocrinologists Dr. Ludlam

The ALJ did not address Dr. Ludlam's opinion. The record shows that Dr. Ludlam assessed Hughes' pituitary lesion and surgical history in May 2005 and subsequently treated her Cushing's disease and related complications. Tr. 1001-1005. On August 22, 2005, Dr. Ludlam submitted a letter to the record which stating that Cushing's disease "typically emerges in a person's 20's, and because Ms. Hughes' tumor has been present since at least 1994, I strongly believe she has had Cushing's for 15-20 years." Tr. 998. Dr. Ludlam added that Cushing's disease causes "severe fatigue, blood pressure fluctuations which cause risk of stroke or headaches, serious difficulty with concentration and memory, interference with cognitive processing, and low stress tolerance, irritability and emotional liability." *Id.*

Such statements are relevant in determining when an impairment began to preclude work activity. The Commissioner has explicitly addressed the evaluation of impairments with non-

5 - OPINION AND ORDER

traumatic origins. SSR 83-20 at *2 (*available at* 1983 WL 31249). The Commissioner states that "Factors relevant to the determination of disability onset include the individual's allegations, the work history, and the medical evidence." SSR 83-20 at *1.

The Commissioner subsequently offers specific instructions for inferring the onset date of a progressive disease:

> The available medical evidence should be considered in view of the nature of the impairment (i.e. what medical presumptions can reasonably be made about the course of the condition). The onset date should be set on the date when it is most reasonable to concluded from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

*Id.* at *3. The ALJ should have considered Dr. Ludlam's opinion in light of this direction.

The Commissioner now asserts that the ALJ appropriately resolved matters of fact arising from an ambiguous medical record. Def. Br. 5. This submission ignores the appropriate assessment of retroactive medical opinions in progressive disease cases. The ALJ's failure to address Dr. Ludlam's opinion, especially in respect to Hughes' limitations prior between October 1, 2002 and September 19, 2003, is not sustained.

## II.  Examining Psychologist Dr. Basham

The ALJ cited Dr. Basham's diagnoses of post-traumatic stress disorder and personality disorder. Tr. 15. The ALJ concluded, "little weight is accorded to Dr. Basham's assessment as such is completely based on the claimant's subjective complaints. He fails to administer any psychological or psychiatric testing to substantiate any of the claimant's allegations." *Id.* The ALJ included no psychological limitations in Hughes' RFC determination prior to September 19, 2003.

The record shows that Dr. Basham's April 2002 assessment included a clinical examination, intelligence test, and "personality assessment inventory." Tr. 274-80. Based upon these tools, Dr. Basham assessed diagnoses of post-traumatic stress disorder ("PTSD") and personality disorder with paranoid and schizoid features. Tr. 279. Dr. Basham also assessed rule-out diagnoses of depression and substance abuse. *Id.*

The Commissioner concedes that the ALJ's rationale is not based upon the record, but asserts that this error is harmless. Def. Br. 6. Harmless error occurs when an ALJ's mistake is "non prejudicial to the claimant or irrelevant to the ALJ's ultimate disability decision." *Stout v. Barnhart*, 454 F.3d 1050, 1055 (9th Cir. 2005). The ALJ's omission of Dr. Basham's opinion cannot be construed as harmless. Crediting Dr. Basham's testimony shows that Hughes carried a PTSD diagnosis throughout the period in question. This diagnosis contradicts the ALJ's finding that Hughes' PTSD was not severe and did not affect her RFC assessment prior to September 19, 2003. The ALJ's analysis of Dr. Basham's report is not sustained.

**III.     Credibility**

Hughes challenges the ALJ's finding that her allegations of disability were not credible prior to September 19, 2003. The ALJ found that Hughes' "statements concerning her impairments and their impact on her ability to work are credible in light of the reports of the treating physicians and the objective medical evidence as of September 19, 2003." Tr. 17. The ALJ subsequently found that "prior to this date, the records reveal the claimant's impairments were simply not severe." *Id.*

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" and there is no evidence of malingering, the ALJ must

provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter* at \*6 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The record shows that Hughes' pituitary tumors, Cushing's disease, and PTSD were present between Hughes' October 2002 application date and September 19, 2003. The ALJ was therefore obligated to provide clear and convincing reasons for finding Hughes not credible during this period. *Id.*

The ALJ noted Hughes' history of drug use but failed to provide any other reasons for rejecting Hughes' allegations regarding her symptoms prior to September 19, 2003. Tr. 17. While the ALJ may cite a claimant's contradictory statements in questioning a claimant's credibility, the ALJ's single citation to Hughes' drug use in 2002 does not amount to clear and convincing reasons for entirely discrediting Hughes' symptom testimony.[2] *Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996). This analysis is not sustained.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

---

[2]The ALJ made no finding that Hughes' drug use was a material factor to her disability under 20 C.F.R. § 416.935(b)(2) and the Commissioner may not now assert that he should have done so.

8 - OPINION AND ORDER

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman,* 211 F.3d at 1178, quoting *Smolen,* 80 F.3d at 1292. The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) *citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Nguyen v. Chater*, 100 F.3d 1462, 1466-67 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991).

Here, the ALJ erred in omitting Dr. Ludlam's opinion, incompletely reviewing Dr. Bashman's opinion, and failing to provide appropriate reasons for rejecting Hughes' testimony. If credited, the limitations described establish disability. Dr. Ludlam indicated that Hughes Cushing's disease and associated limitations began earlier than September 19, 2003. Dr. Bashman indicated that Hughes' carried a PTSD diagnosis throughout the period in question. Tr. 279. Hughes subsequently testified that, due to the effects of her Cushing's disease, adrenal tumors, and interferon treatments, she must rest intermittently throughout the day, cannot lift more than five pounds, and can walk no further than a block. Tr. 1046, 1047,1049. Hughes indicated that these limitations were effective since her October 1, 2002 application date. Tr. 113, 145.

The vocational expert subsequently testified that a hypothetical individual with erratic work attendance due to Cushing's disease and psychological factors would be unable to sustain

employment in the national economy. Tr. 1066. Because there are sufficient findings to establish disability if the improperly rejected evidence is credited as true, this court exercises its discretion and remands for an award of benefits.

## **ORDER**

For these reasons, this Court REVERSES the Commissioner's final decision and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits consistent with this opinion.

IT IS SO ORDERED.

Dated this ___2nd___ day of November, 2007.

                                           /s/ Garr M. King
                                           Garr M. King
                                           United States District Judge